IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frankie Lee Allen, :

        Plaintiff        :     Civil Action 2:08-cv-1055

  v.                       :     Judge Graham

State of Ohio, Ohio Department of     :     Magistrate Judge Abel
Rehabilitation and Correctional
Facility, *et al.*,                  :

        Defendants

**ORDER**

Plaintiff Frankie Lee Allen, an inmate at Southern Ohio Correctional Facility, brings this prisoner civil rights action under 42 U.S.C. §1983 against the State of Ohio, Ohio Department of Rehabilitation and Correctional Facility, Warden Phillip Kerns, Director Terry Collins, and Governor Ted Strickland. This matter is before the Court on plaintiff Allen's January 20, 2009 objections to Magistrate Judge Abel's January 13, 2009 Initial Screening Report and Recommendation that this case be dismissed because Allen has brought three previous suits that were dismissed for failure to state a claim for relief. 28 U.S.C. § 1915(g).

Upon *de novo* review as required by 28 U.S.C. § 636(b)(1)(B), the Court overrules the objections and adopts the Report and Recommendation.

The complaint alleges that Correction Officer Normal Wiltshire, who is not named as a defendant, has discriminated against Allen because of his race, has made

threats on his life, and destroyed his property and legal materials. The objections state that Allen fears for his life. The prisoner must be "under imminent danger of serious physical harm" at the time the complaint is filed, not at the time of the actionable events. *Abdul-Akbar v. McKelvie,* 239 F.3d 307, 314 (3d Cir. 2001); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 116 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998). But neither the complaint nor the objections set forth facts which, if proved, would demonstrate that Allen currently "is under imminent danger of serious physical injury" within the meaning of 28 U.S.C. § 1915(g).[1]

Further, as the Magistrate Judge found, the only allegations are about the conduct of Corrections Officer Wiltshire. But he is not a named defendant. The complaint does not allege any actionable conduct by defendants Warden Phillip Kerns, Director Terry Collins, or Governor Ted Strickland. *Respondeat superior* is not a basis for liability. *Polk Co. v. Dodson*, 454 U.S. 313, 325 (1981); *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). A supervisor is not liable unless the supervisor encouraged or somehow participated in the actionable

---

[1]Section 1915(g) of title 28 of the United States Code provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, *unless the prisoner is under imminent danger of serious physical injury*.

2

events.  There is no liability under 42 U.S.C. §1983 for "mere failure to act." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The complaint here fails to allege that defendants Warden Phillip Kerns, Director Terry Collins, and Governor Ted Strickland did anything to deny plaintiff a constitutional right.

Accordingly, the complaint is hereby **DISMISSED** as barred by 28 U.S.C. § 1915(g) and for failure to state a claim under 42 U.S.C. §1983.

S/ James L. Graham  
James L. Graham  
United States District Judge

Date: February 11, 2009